IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STORM RECONSTRUCTION SERVICES                      PLAINTIFF

VS.                    CASE NO. 3:09CV00021 JMM

CITY OF BLYTHEVILLE, ARKANSAS, ET AL.               DEFENDANTS

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is Defendants' Motion for Summary Judgment (#19). For the reasons stated below, the Motion is granted.

Plaintiff brings its complaint pursuant to 42 U.S.C. § 1983 contending that Defendants in their individual and official capacities deprived it of a property interest without due process of law when the City of Blytheville ("the City") failed to award Plaintiff a contract which was based upon a competitive bid process. Plaintiff also brings a state law claim pursuant to diversity jurisdiction under 28 U.S.C. § 1332 alleging that defendants violated Arkansas Code Annotated § 14-58-303 causing plaintiff damages in excess of $100,000.00.

Defendants move for summary judgment contending that the record shows that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law. Defendants argue that (1) Plaintiff did not suffer a due process violation because it did not have a property interest in being selected and the statute was not violated because plaintiff was not the lowest responsible bidder under the language and meaning of the statute and (2) the City's actions were not arbitrary and were performed in good faith.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir.1987); Fed.R.Civ.P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial– whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir.1979), cert. denied, 444 U.S. 991, 100 S.Ct. 522 (1979). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

Analysis

To sustain a claim under 42 U.S.C. § 1983 for the deprivation of a property interest by the state without due process of law, a plaintiff must first and foremost have a property interest.[1] "To have a property interest in a benefit, a person clearly must have more than an abstract need

---

[1] It is unclear from the complaint and filings whether Plaintiff brings both procedural and substantive due process claims; nonetheless, both claims require that a plaintiff have a property interest.

or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it." *Harris v. Hays*, 452 F.3d 714, 719 (8th Cir. 2006) (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701 (1972)); *L & H Sanitation, Inc. v. Lake City Sanitation, Inc.*, 769 F.2d 517, 523 (8th Cir.1985).  Property interests are created, not by the Constitution, but by an independent source such as state law. *See Neal v. Fields,* 429 F.3d 1165, 1167 (8th Cir. 2005).  Arkansas statutes create a property interest in a competitively bid public contract for the lowest responsible bidder that complied with the bidding specifications and procedures.  *L & H Sanitation, Inc.*, 769 F.2d at 523;  *see, e.g.,* ARK. CODE ANN. § 14-58-303.

Arkansas Code Annotated § 14-58-303(b)(2)(A)(i) and (iii) state that in a city of the first class where the amount of expenditure for any purpose or contract exceeds twenty thousand dollars, the mayor shall invite competitive bidding and that the mayor shall have exclusive power to award the bid to the *lowest responsible bidder*, *but may reject any and all bids received.* (emphasis added).

"Where public officials have the right to reject any and all bids for a public contract, the view is generally taken that they may consider the differences or variations in the character or quality of the material, articles, or work proposed to be furnished by the various bidders, in determining whether to accept any of the bids, or which bid to accept."  *See Worth James Construction Co. v. Jacksonville Water Commission*, 267 Ark. 214, 217, 590 S.W.2d 256, 258 (1979) (quoting 27 A.L.R.2d 917, 924 (1953) (interpreting ARK. STAT. ANN. § 14-612 (Repl.1979)).

Plaintiff contends that it was the lowest bidder and was denied the contract arbitrarily and in bad faith.  Defendants assert that Plaintiff was neither the lowest nor a lower bidder than the winning bidder, DRC, on the three debris clean up jobs that the City ultimately determined the contract would entail.   Further, Defendants contend that the statute only vests a property interest in the lowest, not the lower bidder, and that their actions in denying the contract to Plaintiff were not arbitrary or in bad faith.

A review of the bid tally sheet reveals that Plaintiff was the second, third, and third lowest bidder in the three categories of work required by the contract, respectively.  The winning bidder was the fourth, fifth, and fourth lowest bidder in the same three categories, respectively.  Post-bid negotiations were allowed so that the winning bidder, DRC, could alter its bid to rest in a three-way tie for the lowest bid in the third category at $1.25 per cubic yard for debris burning, compared to Plaintiff's bid of $1.33 per cubic yard.  Neither the winning bidder nor Plaintiff was the lowest bidder overall, and neither bidder was uniformly lower than the other.  Reasonable minds could differ as to which party was the "lowest" bidder.

Nonetheless, even assuming that Plaintiff was in fact the lowest bidder, there was neither a violation of state law nor a deprivation of a property interest, as the plain language of the statute provides that although the mayor has the power to award the contract to the lowest responsible bidder, the mayor may reject any and all bids received.

It is uncontested that as a part of the bidding process, bidders were required to indicate on their bids not only formal references but also all persons for whom the bidder had done work in the previous five years.

Blytheville Mayor Barrett Harrison testified that in the process of evaluating bids, he contacted one of Plaintiff's previous employers, Cathy Russo of Jefferson Parish, Louisiana. Russo told Harrison of her experience with the Plaintiff. Specifically, Russo told Harrison that Plaintiff had not been able to complete the tasks alone, and Jefferson Parish was obliged to hire another contractor to help complete the work at additional cost. Based on this conversation, Harrison eliminated the Plaintiff's bid from consideration. Plaintiff has failed to come forth with any evidence to refute Harrison's affidavit.

Clearly the Mayor did not consider Plaintiff a responsible bidder, which under the plain language of the statute would preclude Plaintiff from claiming any property interest in being awarded the contract.

Likewise, under Arkansas law, city officials may consider the quality of work proposed by the bidder in determining whether to accept a bid. *See Worth James Construction Co.,* 267 Ark. at 217. Mayor Harrison's undisputed testimony shows that the Mayor decided not to award the contract to Plaintiff based upon his understanding of the quality of Plaintiff's work.

Finally, Plaintiff has failed to come forward with any evidence of arbitrary behavior or bad faith on the part of the Defendants.

Conclusion

Plaintiff's § 1983 and Arkansas Code Annotated § 14-58-303 claims are without merit and Defendants' motion for summary judgment on those claims is GRANTED.

IT IS SO ORDERED THIS __8__ day of __October__, 2009.

_____
James M. Moody
United States District Judge